UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| SALVATORE J. SOWELL, | : | Case No. 2:24-cv-3086 |
| | : | |
| Plaintiff, | : | |
| | : | Chief Judge Algenon L. Marbley |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

Plaintiff Salvatore J. Sowell recently initiated a civil action in this Court. (Doc. 1). He asks to proceed in the case *in forma pauperis* (or IFP) and without prepaying the filing fees. (Doc. 3). For the following reasons, the undersigned United States Magistrate Judge **RECOMMENDS** that the Court **DENY** the Application and **ORDER** Sowell to pay the filing fees within thirty days.

Sowell refers to himself as an Ohio inmate. (*See* Doc. 1, PageID 1). At the time he filed the initial document in this case, he was in custody at a county correctional facility. (*See id.*, PageID 2; *see also* Doc. 3, PageID 14). Sowell is currently facing unresolved criminal charges in the Common Pleas Court of Franklin County, Ohio.[1] He is therefore a "prisoner" as defined

---

[1] *See, e.g., State of Ohio v. Salvatore Juliano Sowell*, Franklin C.C.P. Nos. 22 CR 006073 and 22 CR 006085 (available by name or case number search at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/ (last visited July 11, 2024). That court recently found Sowell incompetent to stand trial but said that he may become competent with treatment. *See* "Entr[ies] Finding Defendant Not Competent to Stand Trial and Ordering Treatment," journalized May 13, 2024. The court ordered Sowell placed at the Twin Valley Behavioral Healthcare facility, "pending bed availability" there. (*Id.*). As of this writing, Sowell was still listed as an inmate at the James A. Karnes Correctional Center in Franklin County. *See* https://fcsojmsweb.franklincountyohio.gov/Publicview/ (S(hvc1gfgs4giw1hyucprtxvlj))/Booking.aspx (last visited July 11, 2024). This does not affect the Undersigned's determination that Sowell is a prisoner subject to the PLRA, as he is detained in a facility and is accused of a crime.

in the Prison Litigation Reform Act, or PLRA. 28 U.S.C. § 1915(a)-(h).[2]

As a prisoner, Sowell is subject to PLRA's restrictions. One restriction is the so-called "three strikes" provision, which limits a prisoner's ability to proceed *in forma pauperis* in federal court. It says:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This limitation was conveyed in the IFP application form the Court sent to Sowell, which he signed and returned.[3] (*See* Doc. 3, PageID 13).

On the form, Sowell declared, under penalty of perjury, that he had <u>not</u> had three cases so dismissed. (Doc. 3, PageID 16). This Court's records reflect that he has. His dismissals, or "strikes," include the following cases:

1. <u>Sowell v. United States</u>, No. 2:23-cv-1683, 2023 WL 7411509 (S.D. Ohio Nov. 9, 2023), *report and recommendation adopted*, 2024 WL 84164 (S.D. Ohio Jan. 8, 2024).

---

*See generally Lindsly v. Worley*, No. 1:07-cv-588, 2009 WL 1212793, at *2 (S.D. Ohio May 4, 2009) ("Plaintiff was committed to Summit Behavioral Health pursuant to R .C. 2945.40 at the time he filed the lawsuit, and therefore remained under the jurisdiction of the trial court, having not yet been transferred to civil commitment (Doc. 29). Plaintiff was under detention because he was accused of a crime at the time he filed this lawsuit, and therefore a 'prisoner' within the meaning of the PLRA").

The Court may take judicial notice of these and other court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[2] Section 1915(h) defines a prisoner as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

[3] The application form warned:

> **If a federal court has dismissed your complaints or appeals as frivolous, malicious or failing to state a claim three times in the past, you cannot proceed *in forma pauperis* in a new case absent a threat of imminent, serious physical injury.**

(Doc. 3, PageID 13) (emphasis in original).

2

   2. <u>Sowell v. Huntington Bank</u>, No. 2:23-cv-4250, 2024 WL 51256 (S.D. Ohio Jan. 4, 2024), *report and recommendation adopted*, 2024 WL 665661 (S.D. Ohio Feb. 16, 2024).

   3. S<u>owell v. Ohio State Univ.</u>, No. 2:24-cv-873, 2024 WL 2864389 (S.D. Ohio Apr. 29, 2024), *report and recommendation adopted*, 2024 WL 2863239 (S.D. Ohio June 6, 2024).

This Court's records reflect that all three of these cases were filed while Sowell was incarcerated or detained and were dismissed because they were frivolous, malicious, or failed to state a claim.[4] Accordingly, the Undersigned concludes that Sowell has accumulated at least three "strikes" within the meaning of the PLRA. 28 U.S.C. § 1915(g). The Court should so find.

"The literal language of [the three strikes provision] forbids almost all attempts by indigent prisoners to gain access to the federal courts in civil actions if the litigant has, on three prior occasions, had a case dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted." *Wilson v. Yaklich*, 148 F.3d 596, 602 (6th Cir. 1998). Here, Sowell may not proceed *in forma pauperis* unless he falls within the narrow exception for prisoners who are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011). To satisfy the requirement, a plaintiff must allege "facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he or she] was under an existing danger at the time he filed his complaint." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)).

   The documents filed in this case do not allege a threat of serious physical injury. Rather, the "Statement of Claim" submitted by Sowell says, in its entirety:

---

[4] Sowell mentions two of these cases in his Civil Cover Sheet (Doc. 5) and in his "Motion for Leave of Court" (Doc. 4, PageID 23-25).

3

> I, the Plaintiff hereby do inform the Social Security Administration Commissioner, by and through this court, that Ms. Ashley R. Sowell intentionally failed to inform the responsible party of the Social Security Administration of multiple incarcerations, causing this Plaintiff to owe restitution.

(Doc. 1, PageID 3). Sowell's "Dispositive Leave of Court Motion" contains a similar assertion and asks that the Commissioner "allow the amount of twelve thousand five Hundred (12,500) dollars to be deposited to the inmate account at his current place of confinement." (Doc. 1, PageID 1). These allegations do not describe any kind of threat and do not satisfy the "imminent danger" exception. 28 U.S.C. § 1915(g). As a result, Sowell cannot proceed *in forma pauperis* in this case. (*Id.*).

Accordingly, the Undersigned **RECOMMENDS** that the Court:

1. **FIND** that Sowell has accumulated at least three "strikes" under the PLRA,
2. **FIND** that the initiating documents (Doc. 1) do not allege he is in imminent danger of serious physical harm and do not satisfy the exception in 28 U.S.C. § 1915(g),
3. **DENY** the Application to proceed *in forma pauperis* (Doc. 3),
4. **ORDER** Sowell to pay the filing fees of $405 within thirty days, and
5. **ADVISE** him that if he fails to pay the $405 filing fees within thirty days, this case will be dismissed for failure to prosecute.

The Undersigned further **RECOMMENDS** that the Court **WARN** Sowell that in the future, his failure to disclose all of his prior dismissals/strikes in an application to proceed *in forma pauperis* may lead to sanctions, including the dismissal of his case with prejudice.[5]

---

[5] *See generally Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("He committed a fraud on the federal judiciary by seeking and obtaining permission to appeal *in forma pauperis* without revealing that he has already been held to be covered by § 1915(g). . . . Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit."); *see also Blacker v. Satterthwaite*, No. 1:08-cv-874, 2011 WL 6338851, at *11 (S.D. Ohio Oct. 14, 2011), *report and recommendation adopted*, 2011 WL 6370054 (S.D. Ohio Dec. 19, 2011) (instructing that: "In any future motion to proceed *in forma pauperis* whether concerning a new

Finally, the Undersigned **RECOMMENDS** that the Court **DENY** Sowell's "Motion For Leave of Court" (Doc. 4), as it is largely incomprehensible and appears to raise issues unrelated to the initiating documents in this case.

Sowell may file objections to these recommendations, as outlined below. He is reminded that he must keep this Court informed of his current address and promptly file a Notice of New Address if he is released or transferred.

### Notice Regarding Objections to this Report and Recommendations

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a

---

complaint or appeal, Plaintiff should clearly note his *full* litigation history in any federal court. A failure to do so is likely to result in immediate dismissal, and may invite additional sanctions.") (emphasis in original); *Martin v. Ohio*, No. 2:22-cv-1654, 2023 WL 386245, at *3 (S.D. Ohio Jan. 25, 2023) (advising the plaintiff "that the Court will dismiss *with prejudice* any future cases in which Plaintiff seeks *in forma pauperis* status without identifying previously dismissed cases in accordance with *Sloan v. Lesza*, 181 F.3d 857 (7th Cir. 1999).") (emphasis in original); *Martin v. Mundy*, No. 2:24-cv-327, 2024 WL 2862650 (S.D. Ohio June 6, 2024) (dismissing a complaint with prejudice where the plaintiff failed to disclose all his previous dismissals).

waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

July 12, 2024                                                 *Karen L. Litkovitz*
                                                    KAREN L. LITKOVITZ
                                                    UNITED STATES MAGISTRATE JUDGE